IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL DUNBAR,                          :
                                         :
              Petitioner,             :
                                         :
v.                                       :      Civ. Act. No. 14-1379-LPS
                                         :
STEVEN WESLEY, Warden, and               :
ATTORNEY GENERAL OF THE                  :
STATE OF DELAWARE,                       :
                                         :
              Respondents.            :

---

Michael Dunbar. *Pro Se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

March 28, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 and two Amended Applications (hereinafter referred to collectively as "Petition") filed by Petitioner Michael Dunbar ("Petitioner"). (D.I. 1; D.I. 3; D.I. 9) The State has filed an Answer in Opposition. (D.I. 12) For the reasons discussed, the Court will deny the Petition.

## II. BACKGROUND

In April 2007, a New Castle grand jury indicted Petitioner on charges of first degree murder and possession of a deadly weapon during the commission of a felony. (D.I. 12 at 2; D.I. 14 at 1, Entry No. 2) On October 8, 2008, Petitioner pled guilty but mentally ill to the lesser included offense of manslaughter, in exchange for which the State dismissed the balance of the indictment. (D.I. 12 at 2; D.I. 14 at 17, Entry No. 64) The Superior Court sentenced Petitioner on December 12, 2008 to fifteen years of imprisonment, suspended after five years for decreasing levels of supervision. (D.I. 12 at 2)

Petitioner did not appeal his conviction. Instead, he filed the following post-conviction motions: (1) a motion for modification of sentence on August 11, 2009, which the Superior Court denied on August 20, 2009 (D.I. 14 at 19, Entry Nos. 68, 69); (2) a motion for reduction of sentence on August 27, 2009, which the Superior Court denied on September 9, 2009 (D.I. 14 at 19, Entry Nos. 70, 71); (3) a second motion for reduction of sentence on October 20, 2009, which the Superior Court denied on November 16, 2009 (D.I. 14 at 19, Entry Nos. 72, 73); (4) a third motion for reduction of sentence on July 25, 2011, which the Superior Court denied on July 28, 2011 (D.I 14 at 19, Entry Nos. 74, 75); and (5) a state petition for writ of habeas corpus on August 11, 2011, which the Superior Court denied on August 12, 2011 (D.I. 14 at 21, Entry Nos. 76, 77). Petitioner did not appeal any of those decisions.

On May 3, 2012, the Superior Court modified Petitioner's sentence by decreasing his level of probation and scheduling a status of treatment ("TASC") hearing. (D.I. 14 at 21, Entry No. 78; D.I. 14 at 116-18) On June 28, 2012, the Superior Court found Petitioner had violated his probation ("VOP") and sentenced him to ten years at Level V, suspended for five years at Level III. (D.I. 14 at 21, Entry No. 79; D.I. 12 at 2) On August 31, 2012, the Superior Court found Petitioner had violated the terms of his VOP for a second time ("second VOP"), and sentenced him to nine and one-half years imprisonment, with credit for twenty-eight days previously served, suspended upon completion of CREST for Level III probation. (D.I. 12 at 2) As a result of a TASC status conference, the Superior Court modified the second VOP sentence on May 30, 2013 by removing the CREST requirement and placing Petitioner on Level III probation. *Id.* On October 31, 2013, the Superior Court found Petitioner had violated the terms of his probation for a third time ("third VOP"), and sentenced him to nine and one-half years imprisonment at Level V, with credit for sixty days previously served, suspended upon successful completion of the KEY program for four years at Level IV CREST, suspended in turn upon successful completion of that program for four years at Level III probation. *Id.* The Delaware Supreme Court affirmed the Superior Court's decision. *See Dunbar v. State*, 91 A.3d 561 (Table), 2014 WL 1512797 (Del. Apr. 15, 2014).

Thereafter, Petitioner filed five state habeas petitions, all of which were denied by the Superior Court. (D.I. 12 at 3) The Superior Court also denied Petitioner's motions for sentence correction and modification. *Id.*

Petitioner filed a § 2254 Petition in November 2014, an Amended Petition in December 2014, and another Amended Petition in April 2015[1] (hereinafter referred to as "Petition"). (D.I. 1;

---

[1]The Amended Petition appears to supplement Claims One and Two of the Petition.

2

D.I. 3; D.I. 9) Although the Petition technically asserts five Claims, the Claims can be distilled down to two arguments: (1) Petitioner's original underlying conviction is illegal because he did not knowingly and voluntarily enter his guilty but mentally ill plea; and (2) the Superior Court incorrectly calculated the sentence it imposed for his third VOP. The State filed an Answer, asserting that the illegal conviction Claim should be denied as time-barred, and the improper third VOP sentence Claim should be denied for failing to state an issue cognizable on habeas review. (D.I. 12)

## III. DISCUSSION

### A. Illegal Underlying Conviction

Petitioner appears to allege that his underlying conviction is illegal because he did not knowingly and voluntarily enter his guilty but mentally ill plea. (D.I. 1 at 4; D.I. 9 at 2-5) The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner's § 2254 Petition, filed in 2014, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Given these circumstances, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, since Petitioner did not appeal the Delaware Superior Court's December 12, 2008 judgment, his conviction became final on January 12, 2009. *See* Del. Supr. Ct. R. 6(a)(ii) (establishing thirty day period for timely filing of notice of appeal). Applying the one-year limitations period to that date, Petitioner had until January 12, 2010 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to anniversary method, *i.e.*, the limitations period expires on anniversary of date it began to run).

Petitioner filed the instant Petition on November 5, 2014,[2] almost four full years after the expiration of the limitations period. Thus, his illegal conviction Claim is untimely, unless the limitations period can statutorily or equitably tolled. *See Jones,* 195 F.3d at 158.

### 1. Statutory tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers,* 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor,* 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). However, a post-conviction motion that is untimely under state law is not properly filed for § 2244(d)(2) purposes and, therefore, has no statutory tolling effect. *See Pace v. DiGuglielmo,* 544 U.S. 408, 414 (2005).

Here, 209 days of AEDPA's limitations period lapsed before Petitioner filed a motion for sentence modification on August 11, 2009. The Superior Court denied the motion on August 20, 2009, and Petitioner did not appeal that decision. Consequently, Petitioner's motion for sentence modification tolled the limitations period from August 11, 2009, through September 21, 2009,[3] which includes the thirty-days Petitioner had to appeal the Superior Court's denial of the motion. However, during that same period, Petitioner filed his first motion for sentence reduction on August 27, 2009, which the Superior Court denied on September 9, 2009. Since he did not appeal that

---

[2]Pursuant to the prison mailbox rule, the Court adopts the date on the Petition (November 5, 2014) as the date of filing. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003).

[3]The thirty day appeal period actually expired on September 19, 2009, a Saturday. Therefore, the time to file an appeal from the denial extended through Monday, September 21, 2009. *See* Del. Sup. Ct. R. 11(a).

5

decision, the first motion for sentence reduction tolled the limitations period from August 27, 2009 through October 12, 2009,[4] which includes the thirty-days Petitioner had to appeal the Superior Court's denial of the motion. Given their overlapping tolling effect, Petitioner's motion for sentence modification and his first motion for sentence reduction together tolled the limitations period from August 11, 2009 through October 12, 2009.

The limitations clock started to run again on October 13, 2009, and ran for seven days until Petitioner filed his second motion for sentence reduction on October 20, 2009. At this juncture, a total of 216 days of AEDPA's limitations period had expired. The Superior Court denied the second motion for sentence reduction on November 16, 2009, and Petitioner did not appeal that decision. As such, the second motion for sentence reduction tolled the limitations period through December 17, 2009, which includes the thirty-day appeal period. The limitations clock started to run on December 18, 2009, and ran the remaining 149 days without interruption until the limitations period expired on May 17, 2010.[5] Thus, the Claim challenging the legality of Petitioner's conviction is time-barred, unless equitable tolling is applicable.

### 2. Equitable tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 560 U.S. at 645. A petitioner can only qualify for equitable tolling by demonstrating

---

[4]The thirty day appeal period actually expired on October 10, 2009, a Saturday. Therefore, the time to file an appeal from the denial extended through Monday, October 12, 2009. *See* Del. Sup. Ct. R. 11(a).

[5]The limitations period actually expired on May 15, 2010, a Saturday. Therefore, the limitations period extended through the end of the day on Monday, May 17, 2010. *See* Fed. R. Civ. P. 6(a)(1)(C).

6

"(1) that he has been pursuing his rights diligently, *and* (2) some extraordinary circumstance stood in his way and prevented timely filing;"[6] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Petitioner appears to contend that equitable tolling is warranted because he was placed in administrative segregation when he was incarcerated at the Sussex Correctional Institution ("SCI") in 2013. However, Petitioner's segregated incarceration at SCI cannot trigger equitable tolling as it occurred after the expiration of AEDPA's limitations period and, therefore, could not have prevented him from timely filing the Petition. To the extent Petitioner's untimely filing of the Petition was due to a mistake regarding statutory tolling or the result of a miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). For all of these reasons, the Court will dismiss as untimely the illegal conviction Claim.

### B. Third VOP Sentence

Petitioner also contends that the Superior Court incorrectly calculated the length of his third VOP sentence by using the wrong dates and by failing to give him adequate credit for time served.

---

[6]*Holland*, 560 U.S. at 648.

A state court's computation of a state prison sentence, including credit for time-served, is a matter of state law that is not cognizable under § 2254. *See Woods v. Phelps*, 2008 WL 4449621, at *6 (D. Del. Sept. 30, 2008) ("[A] state prisoner's right to credit for time served before sentencing is a matter of state law."); *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Thus, the Court will deny Petitioner's sentence-credit Claim for failing to present a proper basis for federal habeas relief.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief because the Claims are either time-barred or non-cognizable on federal habeas review. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.

8